NO. 07-04-00405-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 18, 2004



______________________________




IN RE DAVID L. JONES AND ALICE REDEKER, RELATORS



_________________________________






Before QUINN and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 The Court sua sponte withdraws its opinion of October 11, 2004, and in lieu thereof
substitutes this opinion. Relators David Lee Jones and Alice Redeker seek a writ of mandamus
requesting that we order the Honorable Felix Klein, Judge of the 154th District Court of Lamb
County, to vacate his order of April 23, 2004, denying their motion to compel discovery. In
response, among other things, real party in interest, William B. Jones, Jr. contends that relators
have not demonstrated that the denial of their motion to compel discovery constituted a clear
abuse of discretion by the trial court. For the reasons set forth, we deny the requested relief.

 Although the discovery rules encourage trial courts to limit discovery to avoid undue
burdens in production, real party had the burden in the trial court to produce some evidence to
support his request for protection. In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex.
1999). Here, relators are entitled to mandamus relief "only to correct a trial court's clear abuse
of discretion when no adequate remedy at law exists." In Re Alford Chevrolet-Geo, 997 S.W.2d
at 176. In our review, regarding factual matters, as an appellate court we may not substitute our
judgment for that of the trial court. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992); In
re Energas Co., 63 S.W.3d 50, 51 (Tex. App.--Amarillo 2001, orig. proceeding). Therefore, in
determining whether mandamus should issue, we must focus on the record that was before the
trial court and decide whether the decision was not only arbitrary but also amounted to a clear
and prejudicial error of law. In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998).

 An original proceeding filed in this Court must comply with the requirements of Rule 52
of the Texas Rules of Appellate Procedure. Although a reporter's record of the hearing is
included, relators' fact statement in their petition is not supported by a verified affidavit as
required by Rule 52.3 of the Texas Rules of Appellate Procedure. Consequently, relator's
petition for writ of mandamus is denied.

 Don H. Reavis

 Justice




Campbell, J., concurring.


NO. 07-04-0405-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 18, 2004



______________________________




IN RE DAVID L. JONES AND ALICE REDEKER, RELATORS



_________________________________






Before QUINN and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 I concur in the court's denial of relators' petition. In my opinion, relators have not
demonstrated the trial court's order reflects a clear abuse of its discretion based on the record
presented. In re Alford Chevrolet-Geo, 997 S.W.2d 175 (Tex. 1999); Walker v. Packer, 827
S.W.2d 833 (Tex. 1992). 



 James T. Campbell

 Justice





tically ignore any evidence provided by Dawkins that is not supportive of Wood's
position.

 As stated in our original opinion, we relied on Dawkins's affidavit that the alleged
defamatory statements were based on (1) her past experience with respect to construction
costs, (2) her knowledge that certain costs were not included in the estimate of the cost
of the jail, (3) her knowledge the estimate was not based on architectural drawings, (4) her
understanding that the jail commission had not approved any plans, (5) statements made
by Wood prior to the bond election that the cost of the jail facility would be $20 million, and
(6) a 1999 newspaper article that the costs had increased to $16 million. Wood has cited
no evidence in his motion for rehearing that controverts these facts were the basis for her
statements. 

 However, Wood complains that we improperly inferred that the $12.46 million figure
was only an estimate, was not based on actual plans drawn by architects, did not include
costs associated with compliance with standards promulgated by the Texas Jail Standards
Commission, and did not include costs associated with landscaping, furnishing, and
ancillary buildings. Instead, he argues, we should have made the following inferences: 

 1. The $12.46 million estimate was based on factors commonly used by
architects in estimating a new building's cost and was intended to be a
number upon which the commissioners court could rely in attempting to
obtain financing for the new jail;


 2. Although actual plans were not yet drawn, the architect's estimate was
the architect's best professional opinion of the new jail's cost and was
intended to be a number upon which the commissioners court could rely in
attempting to obtain financing for the new jail;


 3. Costs associated with compliance with Texas Jail Standards Commission
were taken into account by the architects when making their $12.46 million
estimate; and


 4. Costs associated with landscaping, furnishing, and ancillary buildings
were either relatively insignificant or costs that were associated with but not
part of the new jail.


 Even if we accept these inferences, they do not change our opinion. That is so
because even assuming some or all of the underlying factors upon which Dawkins states
she relied in making her statements were incorrect or false, that itself is not evidence that
the allegedly defamatory statements were made with malice. See Johnson v.
Southwestern Newspaper Corp., 855 S.W.2d 182, 185 (Tex.App.--Amarillo 1993, writ
denied) (failure to inquire more fully into accuracy of statements is insufficient to show
malice). 

 Nevertheless, Wood asserts that we should have inferred knowledge of falsity from
her statement that she obtained the $16 million jail cost figure from a newspaper article
published more than a year after the bond election and her testimony that, at the time of
the bond election, Wood had no idea what the jail would cost. Further, he claims, we were
only able to arrive at the opposite conclusion because we incorrectly gave consideration
to the fact that Wood had made statements publicly before the bond election that the jail
would be a $20 million project and the fact that, by the time of Dawkins's letter, the jail cost
was at least $16 million. The fallacy with this argument is that Wood does not dispute the
truth of those facts in his motion for rehearing. He only contends that we may not consider
them because they are unfavorable to him. Contrary to his assertion, we did not determine
that Wood's evidence had no probative value. We accepted as true the two statements
that Wood claims are favorable to him. We also recognize we are required to make
reasonable inferences and resolve doubts in favor of the non-movant. However,
reasonable inferences cannot be made by ignoring relevant facts that are undisputed by
the parties. We believe we are entitled to rely on those undisputed facts that provide a
basis for Dawkins's belief that her statements about Wood were true. 

 Finally, Wood complains that we improperly inferred that Dawkins merely had a
different belief than Brian Barrett, who served on the citizens committee, about the cost of
the new jail at the time of the committee report and the 1988 bond election. Barrett stated
in his affidavit that he believed the $12.46 million estimate to be conservative and did not
anticipate any more would have to be borrowed. Barrett became a county commissioner
on January 1, 1999, and he did not learn that the jail cost would be $16 million until
September 1999, more than a year after the bond election. Wood asserts that if we
consider these facts in the light most favorable to him, we would conclude there is some
evidence that Dawkins knew he did not believe the jail would cost $16 million at the time
of the bond election. Once again, we do not believe that to be a reasonable inference. 
Accepting these statements as true, they merely recite what Barrett believed from the
committee report about the cost of the jail and when he knew it would increase. They do
not provide evidence as to what Wood or Dawkins believed about the cost of the jail from
the committee report and when they knew the cost would increase. 

 Based on the factors noted in our original opinion and which we have reiterated
again, Dawkins established her belief in the truth of the allegedly defamatory statements
and a basis for her belief in their truth. Finding no error in our original disposition of the
matter, we overrule appellant's motion for rehearing. 


 John T. Boyd

 Chief Justice


Publish.


 

 

 

 
1. In determining if the non-movant produced more than a scintilla of probative
evidence to raise a fact issue in response to a no-evidence motion for summary judgment,
we must also consider the evidence in the light most favorable to the party against whom
the summary judgment was rendered and disregard all contrary evidence and inferences. 
Zipp Industries, Inc. v. Ranger Ins. Co., 39 S.W.3d 658, 663 (Tex.App.--Amarillo 2001, no
pet.)
.